[Civ. No. 44833. First Dist., Div. Four. May 10, 1979.]

MARY JANE BROWN, Plaintiff and Appellant, v.
JOHN DE RUGERIS, Defendant and Respondent.

896

Wylie, Blunt & McBride and James L. Dawson for Plaintiff and Appellant.

Mercant & O'Brien and Samuel D. O'Brien for Defendant and Respondent.

**CALDECOTT, P. J.**—Plaintiff Mary Jane Brown appeals from a judgment, following a court trial, in favor of respondent John De Rugeris.

Brown filed a complaint against De Rugeris for declaratory relief and an accounting, alleging that she and defendant had entered into oral and written agreements whereby Brown was to be an equal partner in a business engaged in the manufacture, sale, and distribution of a device known as the J.D.R. Carburetor [developed by De Rugeris]. Defendant De Rugeris was represented by attorney Samuel D. O'Brien. On November 3, 1977, approximately one month prior to trial, the plaintiff filed a motion for an order discharging defendant's attorney, citing California Rules of Professional Conduct, rule 2-111, rule 5-102 and rule 4-101. At commencement of trial, the judge remarked that he noticed a motion to discharge attorney and asked what happened to it. Brown's attorney stated the motion was never heard, "it just went off calendar." No further reference was made to this motion during trial.

During trial, O'Brien was called as a witness by appellant Brown under Evidence Code section 776. The questioning was limited to the date that O'Brien first saw a document that was the subject of the litigation. He stated he remembered receiving the document, handing it to his

secretary, but had no recollection as to the date. He also stated that he did not expect to be called as a witness.

## I

Appellant contends that the trial court committed error by not disqualifying Attorney O'Brien under California Rules of Professional Conduct, rule 2-111(A)(4).[1] Appellant bases this contention on three grounds: "(1) Attorney O'Brien knew that he would be a witness on behalf of his client; (2) Attorney O'Brien, in fact testified on behalf of his client; and (3) The trial court knew that attorney O'Brien ought to testify on behalf of his client."

Rule 2-111(A)(4) provides in part, as follows: "If upon or after undertaking employment, a member of the State Bar knows or should know that he or a lawyer in his firm ought to be called as a witness on behalf of his client in litigation concerning the subject matter of such employment he shall withdraw from the conduct of the trial. . . ."

Appellant argues that O'Brien knew or should have known that he would be called as a witness on behalf of his client and that, in fact, he was called on behalf of his client. Appellant bases her claim on the fact that she called O'Brien as a witness under Evidence Code section 776.

Appellant has not cited and apparently has overlooked rule 2-111(A)(5), which provides: "If, after undertaking employment in contemplated or pending litigation, a member of the State Bar learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client." Neither the record nor the briefs indicate that O'Brien's testimony was in any way prejudicial to his client.

Appellant's claim that the making of an opening statement constitutes being called as a witness is also without merit. The attorney does not appear as a witness, his statement is not evidence, and to hold otherwise would, in most cases, eliminate both attorneys from the case.

Appellant's third contention is that the trial court knew that O'Brien ought to be called as a witness on behalf of his client and should on its own motion have discharged him. The record does not disclose any

---

[1]The pretrial motion to discharge attorney cited three rules of professional conduct, but only rule 2-111(A)(4) is argued on this appeal.

reason why O'Brien ought to have been called as a witness on behalf of his client and in fact he was not called. If appellant's claim is based on the previous motion to discharge attorney the court did inquire as to what had happened to the motion and received no explanation or reason from Brown's attorney as to why O'Brien should be discharged.

Appellant cites *Comden v. Superior Court* (1978) 20 Cal.3d 906 [145 Cal.Rptr. 9, 576 P.2d 971], in support of her position that an attorney called as a witness should be discharged. *Comden,* however, is distinguishable on its facts. The underlying action in *Comden* was for breach of numerous contractual covenants. During the course of the litigation a preliminary injunction was sought supported by a declaration executed by petitioner's attorney which related facts that would constitute a breach of covenant by opposing party and a basis for termination of the contract. The facts were in dispute and contradictory statements were offered. The court stated in granting the motion to discharge: " 'I cannot see how I can say with any degree of security or in good conscience that Mr. Greene [the attorney] will not be called as a witness.' " (*Comden,* at p. 912.)

In the case at bar it is obvious that Mr. O'Brien was not a necessary witness and there was no need to call him on behalf of his client.

II

Appellant also contends that the evidence adduced at trial is insufficient to support a finding of undue influence. We have reviewed the record on appeal and find there is ample evidence to support the finding of the trial court.

The judgment is affirmed.

Rattigan, J., and Christian, J., concurred.